No. 3778

Second Circuit

---

## LOUISIANA CENTRAL LUMBER CO. v. STEPHENSON ET AL.

---

(June 2, 1930.  Opinion and Decree.)

---

Stubbs & Thompson, of Monroe, and C. P. Thornhill, of Columbia, attorneys for plaintiff, appellee.

Wm. R. Mecom, of Columbia, attorney for defendants, appellants.

DREW, J. Plaintiff sued defendants for the sum of $223, alleging same to be the value of 11,180 feet of gum and oak timber at the price of $20 per thousand, that was willfully and illegally cut and removed from the northeast quarter of southeast quarter of lot No. 9 and southwest quarter of southeast quarter of lot No. 15 of section 9, township 11 north, range 2 east, belonging to the plaintiff.

It is alleged that defendants cut and removed a total of 25,144 feet of gum and oak timber from said tract, and that plain

tiff, believing that defendant had only cut 13,964 feet of timber, accepted from defendants $181.55 in settlement of that amount of stumpage, at a price of $13 per thousand; that plaintiff subsequently had the lines run by the parish surveyor, and discovered that defendant had cut and removed an additional amount of timber aggregating 11,180 feet, for which judgment is prayed for at the rate of $20 per thousand.

Defendants allege that the payment for the 13,964 feet was in full settlement of all timber cut, and deny that the timber is worth $20 per thousand, also deny cutting the timber in bad faith.

On these issues, the case went to trial, and the judgment of the lower court was in favor of plaintiff for $251.44, for the entire 25,144 feet of timber cut, at the price of $10 per thousand, subject to a credit of $181.53 paid for the 13,964 feet. From this judgment defendants have appealed, and plaintiff has answered the appeal, praying that the judgment be increased to the amount sued for.

There is no denial that plaintiff is the owner of the land and no denial that the line run by the parish surveyor is not correct. The proof is conclusive that the amount of timber cut by the defendants on plaintiff's land is 25,144 feet.

The receipt was for a certain number of feet of timber at a certain price, and not a settlement in full for all timber cut, and in no way bars plaintiff from suing for the additional timber later discovered to have been cut by defendant.

The evidence in the case does not justify us in holding that defendants were acting in bad faith when they cut the tim-

ber. The lower court did not so hold, and we think he was correct in holding that defendants were not in bad faith and that plaintiff is therefore only entitled to recover the stumpage value of the timber, which was correctly fixed by the lower court at $10 per thousand.

Plaintiff's witness put on the stand to fix the value of the timber testified that it was worth $11 or $12 per thousand, and that he thought plaintiff would be willing to pay $10 per thousand for that kind of timber. Defendants' witness testified that it was worth $5 per thousand, while the assistant manager of the plaintiff company testified that it was worth $20 per thousand. We find no error in the lower court's hoding that the timber was worth $10 per thousand.

The 13,964 feet settled for by defendants at the rate of $13 per thousand is no part of this suit, and the court is without authority to reduce the price of that timber. The price was agreed to by the plaintiff and defendants, and we are without authority to disturb that. Plaintiff in this suit is suing for the value of the additional 11,144 feet that was later discovered to have been cut, and is entitled to judgment for that amount of timber at the rate of $10 per thousand, or $111.44. The judgment of the lower court will have to be amended, which makes it necessary to recast the judgment.

It is therefore ordered, adjudged, and decreed that the plaintiff, Louisiana Central Lumber Company, do have and recover judgment against the defendant J. C. Stephenson in the full sum of $111.44, with legal interest thereon from judicial demand until paid; defendant to pay all costs of both courts.